[No. A066650. First Dist., Div. One. June 9, 1995.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v.
ROBERT C. WEATHERFORD, Defendant and Appellant.

## COUNSEL

Brown, Hall, Clair & McKinley, Steven A. Clair and Janie Hickok Siess for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DOSSEE, J.**—Defendant Robert C. Weatherford (Weatherford) appeals from the trial court's order denying his petition for equitable relief from a judgment in favor of plaintiff County of Alameda (the County). Weatherford contends that he is entitled to equitable relief from the judgment on the

ground that it is not clear and definite on the issue of interest.[1] We agree and reverse.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 1978, the County filed a complaint against Weatherford for reimbursement of public assistance and for child support. Weatherford failed to appear, and the clerk of court entered a default against him. On September 14, 1978, the trial court entered judgment on the default. The judgment provided, in pertinent part, as follows:

"IT IS . . . ORDERED that [Weatherford] shall pay the sum of ONE HUNDRED FIFTY DOLLARS ($150.00) per month for [his two minor sons] for a total of THREE HUNDRED DOLLARS ($300.00) per month, for the support and maintenance of said [sons], which sum shall be payable 1/2 on the 1st and 1/2 on the 15th days of every month, commencing September 1, 1978, and continuing until further order of the Court.

"IT IS FURTHER ORDERED that [Weatherford] had the ability to support his children, as named above, and therefore is indebted to the County of Alameda in the sum of TWENTY EIGHT THOUSAND SEVEN HUNDRED FORTY DOLLARS ($28,740.00) as and for Aid to Families with Dependent Children [(AFDC)] Public Assistance paid on his behalf from JANUARY 1, 1969 to AUGUST 31, 1978 and [Weatherford] shall reimburse the [County] in the amount of FIFTY DOLLARS ($50.00) per month until the Judgment is liquidated, payable 1/2 on the 1st and 1/2 on the 15th days of every month, commencing SEPTEMBER 1, 1978.

"IT IS FURTHER ORDERED that [Weatherford] shall continue to pay the total amount of THREE HUNDRED FIFTY DOLLARS ($350.00) per month hereinbefore ordered after termination of payment of current support for the above-named children until the above judgment of indebtedness is liquidated."

Between 1978 and 1992, Weatherford made payments on the judgment and received statements from the County reflecting these payments. The statements issued by the County showed a steadily declining balance due on the judgment and did not show any interest owing. All payments in excess of the current support obligation were credited against the $28,740 in back Aid

---

[1]Weatherford argues that he is entitled to equitable relief on a number of other grounds as well. In light of our conclusion that Weatherford is entitled to relief on the ground that the judgment is not clear and definite on the issue of interest, we need not address these additional grounds for relief.

to Families with Dependent Children (AFDC) payments owing under the judgment. A December 31, 1992, statement showed a "current balance" of $1,076.94—in other words, it reflected that Weatherford owed slightly more than three more monthly payments of $350.

It was not until a January 29, 1993, statement that the County first began to claim that interest was due under the judgment. This statement showed a "current balance" of only $753.89, but contained the following disclaimer: "Under California law interest accrues on your unpaid support at the rate of ten percent per year. Currently this office cannot compute the interest that you owe each month, however, interest continues to accrue on your unpaid support debt. The monthly statements you receive do not reflect the total amount you owe under your support order because the statements do not include interest. Interest will be calculated retroactive to the oldest missed payment on your account."[2] An April 30, 1993, statement showed a "current balance" of zero but contained the same disclaimer regarding interest.

Eventually, the County sent Weatherford a refund check of $161.55 dated June 4, 1993. The cover letter accompanying the check explained that the refund was being sent because "the existing balance on your account reached zero." However, the letter went on to explain that the zero balance "does not indicate that all amounts due from you have been paid" and that Weatherford's "case has been referred for an audit of charges and payments and the computation of any interest due, according to requirements of the State Department of Social Services. . . . Once the computations have been completed, you will be notified by mail."

On June 19, 1993, the County sent Weatherford the promised computation. The County's cover letter stated, "[a]ccording to policy set by the State Department of Social Services, interest charges have been computed on your account with this office through 5/31/93. [¶] Interest accrues on the unpaid principal balance pursuant to California Code of Civil Procedure section. 685.10 [sic]. [¶] Enclosed find a record of the calculation of interest due on your account." Although the letter referred to a "calculation of interest due,"

---

[2]We note that the County's failure to account for interest in its earlier statements does not appear to be an isolated problem. In 1994, the Legislature enacted Code of Civil Procedure section 695.211, which provides as follows: "(a) Every money judgment or order for child support shall provide notice that interest on arrearages accrues at the legal rate. [¶] (b) The notice provisions required by this section shall be incorporated in the appropriate Judicial Council forms. [¶] (c) Upon implementation of the Statewide Automated Child Support System (SACSS) prescribed in Section 10815 of the Welfare and Institutions Code and certification of the SACSS by the United States Department of Health and Human Services, whenever a statement of account is issued by the district attorney in any child support action, the statement shall include a statement of an amount of current support, arrears, and interest due."

the enclosed statement showed both a "principal balance" of $31,647.69 and an "interest balance" of $10,110.43 for a "total balance" of $41,758.12. Unlike the previous statements sent by the County, in which all payments in excess of the current support obligation were credited against the $28,740 in back AFDC payments owing under the judgment (see *ante*, p. 668), the enclosed statement credited all of the previous payments in excess of the current support obligation to interest on the then outstanding principal balance.

On February 17, 1994, Weatherford filed a petition for equitable relief from the judgment on several different grounds. On June 13, 1994, the trial court denied the petition. Weatherford has filed a timely notice of appeal.

## II. DISCUSSION

█ Weatherford contends that he is entitled to equitable relief from the judgment on the ground that it is not clear and definite on the issue of interest. He points to the fact that the judgment makes no reference whatsoever to postjudgment interest. In response, the County asserts that it properly assessed postjudgment interest on the entire amount of the judgment from the date of its entry. The County relies on the general rule that " '[i]t was not . . . necessary for the judgment to contain a direction for payment of interest; the obligation follows automatically. [Citations.]' [Citation.]" (*Pinecrest Productions, Inc.* v. *RKO Teleradio Pictures, Inc.* (1970) 14 Cal.App.3d 6, 11 [92 Cal.Rptr. 44]; see also Code Civ. Proc., § 685.010, subd. (a) ["Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."].)

The County's reliance on this general rule is misplaced. The judgment in this case falls within an established exception to the general rule. Code of Civil Procedure section 685.020 provides as follows: "(a) Except as provided in subdivision (b), interest commences to accrue on a money judgment on the date of entry of the judgment. [¶] (b) Unless the judgment otherwise provides, if a money judgment is payable in installments, interest commences to accrue as to each installment on the date the installment becomes due."[3] The judgment in this case required Weatherford to reimburse the County for the $28,740 in back AFDC payments in bimonthly installments and contained no provision governing the payment of postjudgment interest. (See *ante*, p. 668.) In the absence of an express provision in the judgment to

---

[3]Code of Civil Procedure section 685.020 was not enacted until 1982, four years after the entry of the judgment in this case. However, the statute was intended to codify existing common law, not to announce a new substantive rule. (See legis. committee com., 17 West's Ann. Code Civ. Proc. (1987 ed.) § 685.020, p. 98.)

the contrary, the County's belated attempt to assess postjudgment interest on the entire amount of the judgment from the date of its entry runs afoul of the policy enunciated in Code of Civil Procedure section 685.020.

### III. DISPOSITION

The judgment is reversed, with costs to Weatherford.

Strankman, P. J., and Newsom, J., concurred.